31 P.3d 58 (2001)
STATE of Washington, Respondent,
v.
Jose L. AYALA, Appellant.
No. 17256-2-III.
Court of Appeals of Washington, Division 3, Panel Five.
September 18, 2001.
*59 Gail L. Siemers, Walla Walla, for Appellant.
Terry J. Bloor, Deputy Pros. Atty., Kennewick, for Respondent.
BROWN, J.
Jose Ayala, convicted in Benton County of first degree kidnapping, argues the trial court erred by (A) ruling RCW 9A.40.010(1) makes irrelevant evidence of the alleged acquiescence of a 14 year old victim, and (B) limiting his cross-examination on the victim's acquiescence, thus violating confrontation principles. We disagree. First, RCW 9A.40.010(1) precludes the defense of victim acquiescence in the case of victims under 16 years old, making such evidence irrelevant. Second, a defendant's right to confrontation does not include cross-examination on irrelevant matters. Accordingly, we affirm.

FACTS
One evening in September 1997, Gregorio Valencia, Jr., age 14, and his cousin, Jose Valencia (Mr. Valencia), age 22, were walking home from a store when Mr. Ayala stopped them to ask directions. Mr. Ayala asked if Gregorio and Mr. Valencia would get into a car driven by Jose Meraz to show them the way to a bowling alley. Mr. Ayala and Gregorio got into the back seat. Mr. Valencia rode in the front.
Instead of following directions, Mr. Meraz turned onto a road leading to Pasco. As they drove, Mr. Ayala told Gregorio he wanted money and was going to tie Gregorio's hands and tape his eyes. Gregorio later testified his hands were not tied, but Mr. Ayala did put tape over his eyes as the vehicle drove over a bridge into Pasco.
The vehicle stopped at a securely fenced and gated storage facility. Gregorio was taken to a motor home within the fence where he remained with Mr. Meraz until police rescued him the next afternoon. Mr. Ayala and Mr. Valencia left to make ransom calls to Gregorio's parents. Despite warnings, the police were notified. After tracing the calls, police arrested Mr. Ayala and Mr. Valencia near a telephone booth in Kennewick. *60 Both were questioned at the Kennewick police department.
Mr. Ayala led police officers to the Pasco storage facility where they found Gregorio unharmed. Mr. Ayala's written confession implicated Mr. Meraz and Mr. Valencia. Mr. Ayala was charged in Benton County with first degree kidnapping.
At his jury trial, Mr. Ayala unsuccessfully attempted to show a four-person conspiracy, including Mr. Meraz, Mr. Valencia, and Gregorio, to commit extortion rather than kidnapping. Mr. Ayala named Mr. Valencia as the mastermind. Mr. Valencia allegedly told Mr. Ayala it would be easy to get Gregorio's father to pay a large sum of money to get his son back by making Gregorio's father think the kidnapping was connected to a drug debt. Mr. Ayala made an offer of proof that he had reason to believe Gregorio was cooperating; while in jail he learned Gregorio was in on the plan and was to receive a ransom share. The State successfully moved to exclude this evidence on the ground that the kidnapping statutes made irrelevant evidence of any purported acquiescence by a victim less than 16 years old. The trial court later refused Mr. Ayala's proposed instructions on first degree extortion as an uncharged alternative to kidnapping.
The jury found Mr. Ayala guilty as charged. Mr. Ayala appealed. In May 1999, a court commissioner granted the State's motion on the merits. In May 2000, Mr. Ayala successfully filed a motion to recall the mandate. We granted Mr. Ayala's motion for discretionary review, treating it as a motion to modify the commissioner's ruling.

ISSUES
A. Did the trial court err by interpreting RCW 9A.40.010(1) to preclude the defense of victim acquiescence when considering 14-year-old Gregorio's abduction under the definition of "restrain" and concluding evidence of Gregorio's alleged acquiescence to his abduction was irrelevant? B. Did the trial court violate confrontation principles by limiting cross-examination of Gregorio on the subject of acquiescence?

ANALYSIS

A. Statutory Interpretation
Review is de novo for the choice, interpretation, and application of a statute to particular facts. State v. Johnson, 96 Wash.App. 813, 816, 981 P.2d 25 (1999). Mr. Ayala was charged pursuant to RCW 9A.40.020(1), which provides "[a] person is guilty of kidnapping in the first degree if he intentionally abducts another person with intent: (a) [t]o hold him for ransom or reward, ... or (d) [t]o inflict extreme mental distress on him or a third person...." Abduct is defined as "restrain[ing] a person by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly force...." RCW 9A.40.010(2). The term "restrain" means to:
restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his liberty. Restraint is "without consent" if it is accomplished by (a) physical force, intimidation, or deception, or (b) any means including acquiescence of the victim, if he is a child less than sixteen years old ... and if the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced.

RCW 9A.40.010(1) (emphasis added).
Mr. Ayala contends the kidnapping statute does not apply here because Gregorio was actually a co-conspirator in an attempted extortion of Gregorio's father. Mr. Ayala offered first degree extortion instructions as an alternative to the charged kidnapping. Without clearly articulating the basis for his claim, Mr. Ayala urges an equal protection violation in the charging decision. But, prosecutors have wide discretion when determining whether to charge a particular offense so long as the charge is not based on an unjustifiable standard such as race, religion, or other arbitrary standard or classification. State v. Pittman, 59 Wash.App. 825, 833, 801 P.2d 999 (1990). Both the United States Supreme Court and the Washington Supreme Court favor a prosecutor's charging discretion, subject to constitutional constraints focused on unequal standards of prosecution. State v. Talley, 122 Wash.2d 192, 214-15, 858 P.2d *61 217 (1993). But, where two crimes have different elements, the focus is on the elements that can be proved. Id. at 215, 858 P.2d 217.
Here, Mr. Ayala mainly complains the prosecution did not plea bargain with him as was done with Mr. Valencia and Mr. Meraz. In reply, the State notes different participation by Mr. Ayala as compared to the others leading to pleas to reduced kidnapping charges. Because the State has wide charging discretion and shows a non-arbitrary standard or classification, Mr. Ayala cannot substantiate an equal protection violation. Moreover, chapter 9A.40 RCW clearly applies to these facts. Mr. Ayala cannot and does not argue extortion is a lesser or inferior crime of kidnapping. Equal protection in our context is generally not violated when crimes have different elements. See Talley, 122 Wash.2d at 215, 858 P.2d 217. Further, Mr. Ayala does not specifically argue a violation of general or specific statute principles. See State v. Hodgson, 44 Wash.App. 592, 597-98, 722 P.2d 1336 (1986) (discussing general versus special statute principles). Additionally, Mr. Ayala did not assign error to the trial court's denial of his extortion instructions.
Finally, Mr. Ayala incorrectly casts our issue as one of evidence and abuse of discretion, not one of statutory interpretation and law. Even so, the trial court correctly excluded irrelevant evidence regarding Gregorio's alleged acquiescence because RCW 9A.40.010(1) clearly strips away a 14-year-old victim's acquiescence as a defense. The presentation of relevant evidence and the scope of the cross-examination of a particular witness he within the trial court's sound discretion. We review these decisions for a manifest abuse of discretion. State v. Atsbeha, 142 Wash.2d 904, 913-14, 16 P.3d 626 (2001). We conclude none occurred here.

B. Confrontation
Next, Mr. Ayala contends the trial court's limits on cross-examination of Gregorio to show he cooperated and was a willing victim violated his Sixth Amendment right to confront witnesses. State v. Hudlow, 99 Wash.2d 1, 14-15, 659 P.2d 514 (1983). However, Mr. Ayala has no constitutional right to have irrelevant evidence admitted as part of his defense. Id. at 15, 659 P.2d 514; see also State v. Buss, 76 Wash.App. 780, 788-89, 887 P.2d 920 (1995) (noting defendant's right to cross-examine essential State witness as to relevant matters). Further, cross-examination is generally limited to the scope of direct testimony. ER 611(b). Here, the State limited its direct examination to kidnapping elements; thus denying cross-examination on Mr. Ayala's irrelevant extortion theory was not an abuse of discretion. See State v. Lord, 117 Wash.2d 829, 870, 822 P.2d 177 (1991).
Moreover, a close review of the record indicates cross-examination was permitted on whether Gregorio was abducted in the context of whether he voluntarily cooperated and if he could have left at any time. Further, Mr. Meraz in cross-examination related Gregorio and Mr. Valencia's cooperation and characterized certain actions as done voluntarily. In closing, Mr. Ayala's counsel vigorously argued Gregorio was not abducted or kidnapped and went along consensually and voluntarily. Defense counsel implied Mr. Ayala was improperly charged. Thus, contrary to Mr. Ayala's argument, he was permitted to elicit evidence supporting his theory of the case and argue that theory to the jury. Given the above, Mr. Ayala was not deprived of his constitutional right to present a defense consisting of relevant evidence, in other words, evidence not otherwise inadmissible. State v. Rehak, 67 Wash.App. 157, 162, 834 P.2d 651 (1992). Accordingly, the trial court did not err in its evidence rulings.

CONCLUSION
We hold the trial court did not err when choosing, interpreting, or applying the first degree kidnapping provisions of chapter 9A.40 RCW. Further, the trial court did not violate confrontation principles in the challenged evidence rulings.
Affirmed.
WE CONCUR: KURTZ, C.J., and SCHULTHEIS, J.
*62 SCHULTHEIS, J. (dissenting).
Under both the federal and state constitutions, a defendant is guaranteed the right to present evidence in his or her defense and the right to confront and cross-examine adverse witnesses.[1] Because I believe Jose Ayala was denied these constitutional rights, I must respectfully dissent.
The majority frames the issue in this appeal as whether the trial court erred by interpreting the kidnapping statute, RCW 9A.40.020(1), as applied to the particular facts of this case. In so doing it reaches the conclusion that the trial court properly excluded irrelevant facts from trial. I disagree. Instead, I would frame the issue as follows: Did the trial court abuse its discretion when it denied Mr. Ayala the opportunity to exercise his Sixth Amendment right to present relevant evidence in his defense? I would answer this question in the affirmative.
"A court must consider a defendant's constitutional right to present a defense." State v. Jordan, 106 Wash.App. 291, 302, 23 P.3d 1100 (2001) (Brown, J., concurring), petition for review filed (Aug. 7, 2001) (Supreme Court cause 71499-1). Here, Mr. Ayala was charged with first degree kidnapping of a 14-year-old juvenile. The majority states "Mr. Ayala contends the kidnapping statute does not apply here ...." Majority at ___. I conclude this statement is misleading. Mr. Ayala understood that charging decisions lie within the province of the prosecutor's office subject to certain constitutional constraints. Mr. Ayala accepts that he was charged with kidnapping. His argument on appeal is that being so charged, he should have been given the opportunity to defend against the charge. Accordingly, his defense theory is that there never was any type of kidnapping plot. Rather, he intended to prove to the jury that the juvenile was not kidnapped on the date in question, but instead, was a co-conspirator in a plot to extort money from the juvenile's father. However, the trial court would not allow at trial any evidence or cross-examination on the extortion theory. I believe this was an abuse of the court's discretion.
The law states that Mr. Ayala has the constitutional right to refute the State's charge by presenting a defense consisting of relevant and admissible evidence. State v. Maupin, 128 Wash.2d 918, 924, 913 P.2d 808 (1996); State v. Rehak, 67 Wash.App. 157, 162, 834 P.2d 651 (1992). The Supreme Court has described the importance of this right:
The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.
Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), cited with approval in State v. Smith, 101 Wash.2d 36, 41, 677 P.2d 100 (1984).
Evidence is relevant and admissible when it has any tendency to make the existence of any fact more or less probable, provided other rules do not preclude its admission. ER 401, 402. "All facts tending to establish a theory of a party, or to qualify or disprove the testimony of his adversary, are relevant." Fenimore v. Donald M. Drake Constr. Co., 87 Wash.2d 85, 89, 549 P.2d 483 (1976) (citing Ladley v. St. Paul Fire & Marine Ins. Co., 73 Wash.2d 928, 442 P.2d 983 (1968)).
As noted by the majority, in response to Mr. Ayala's request to present evidence of the extortion plan, the State argued and the court agreed that presenting defense witnesses and/or cross-examining the juvenile *63 on his alleged participation in the alleged extortion scheme was irrelevant to the charge of kidnapping since, according to the statute, the juvenile's age prevented him from having the legal capacity to acquiesce in a kidnapping scheme. This is a true statement of the law. However, under these facts, it is clear that the court misunderstood Mr. Ayala's reason for attempting to present witnesses regarding the extortion scheme. It was not as proof that the juvenile acquiesced in a kidnapping scheme, but was instead, an attempt to explain his side of the story. For these reasons, Mr. Ayala's proposed testimony/cross-examination regarding the alleged extortion plot is both relevant and admissible.
Finally, it has always been the fact finder's duty to judge the credibility of witnesses at trial. Here, the trial court circumvented the process by not allowing the jury to hear and view Mr. Ayala's cross-examination of the juvenile or the defense witnesses regarding the alleged extortion plot. It is vital to our system of jurisprudence that the fact finder has the opportunity to hear both sides of any controversy. I would reverse and remand for a new trial based on the court's abuse of discretion in refusing to allow Mr. Ayala to present to the jury a thorough representation of all the facts surrounding this case.
NOTES
[1] U.S. CONST. amend. VI; CONST. art. I, § 22 (amend.10); Davis v. Alaska, 415 U.S. 308, 315, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (right to confront adverse witnesses); Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) (right to confront adverse witnesses); Washington v. Texas, 388 U.S. 14, 23, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (right to present evidence in one's defense); State v. McDaniel, 83 Wash.App. 179, 185, 920 P.2d 1218 (1996) (right to cross-examine).