183 P.3d 1115 (2008)
In re the Petition of James Douglas RIVARD.
State of Washington, Appellant,
v.
James D. Rivard, Respondent.
No. 25923-4-III.
Court of Appeals of Washington, Division 3.
May 22, 2008.
*1116 Julia Anne Dooris, Gemberling & Dooris PS, Spokane, for Appellant.
Andrew J. Metts, Spokane County Pros. Office, Spokane, for Respondent.
SWEENEY, J.
¶ 1 The State of Washington appeals the trial court's decision to restore James D. Rivard's right to possess firearms. Mr. Rivard was convicted of vehicular homicide in 1997. The accident happened in 1993. He petitioned to have his gun right restored in 2006. Between the date of the crime and his sentencing, the legislature reclassified vehicular homicide from a class B felony to a class A felony. Class A felons are never entitled to have their right to possess firearms restored. The statute in effect on the date of Mr. Rivard's crime, however, only authorized the sentencing court to suspend Mr. Rivard's right to possess firearms while he was under the Department of Corrections' (DOC) supervision. We conclude that the prohibition against possession of firearms ended when DOC's supervision ended. And we affirm the decision of the trial court restoring his right to possess firearms.

FACTS
¶ 2 Mr. Rivard struck and killed a boy with his car in December 1993. He pleaded guilty to vehicular homicide and the court sentenced him on June 20, 1997. The court used a judgment and sentence form that had not been revised since 1995. Clerk's Papers (CP) at 29. Paragraph 4.3 of that form states: "The defendant shall not use, own, or possess firearms or ammunition while under the supervision of the Department of Corrections. RCW 9.94A.120." CP at 33. Paragraph 5.6 states:
FIREARMS. You may not own, use or possess any firearm unless your right to do so is restored by a court of record. (The court clerk shall forward a copy of the defendant's driver's license, identicard, or comparable identification, to the Department of Licensing along with the date of conviction or commitment). RCW 9.41.040, 9.41.047.
CP at 36. The form instructs the sentencing court to cross off paragraph 5.6 if it does not apply. CP at 36. The court did not cross off the paragraph. CP at 36.
¶ 3 Mr. Rivard served his sentence and paid his court-imposed financial obligations. The court granted him a certificate and order of discharge in November 1999. He then petitioned the court to restore his right to possess firearms in September 2006. The trial court granted his petition in January 2007. The State appeals that decision.

DISCUSSION
¶ 4 Our review is, of course, de novo because the choice, interpretation, and application of a statute to particular facts are questions of law. State v. Ayala, 108 Wash. App. 480, 484, 31 P.3d 58 (2001). We can also affirm on any ground supported by the record and the law. State v. White, 137 Wash.App. 227, 230, 152 P.3d 364 (2007); State v. Bradley, 105 Wash.App. 30, 38, 18 P.3d 602, 27 P.3d 613 (2001).
¶ 5 Here, the sentencing court used a fill-in-the-blank Washington court form (Judgment and Sentence) to impose judgment and sentence upon Mr. Rivard. CP at 29. The form contains boilerplate language that forbids a defendant from possessing firearms. It contains two sections relevant here. First, pursuant to RCW 9.94A.120, paragraph 4.3 revokes an offender's firearms right while DOC supervises him. Former RCW 9.94A.120(13) (1993) revoked the firearms right of all offenders under DOC supervision, and so did former RCW 9.94A.120(15) (1997).
¶ 6 Second, paragraph 5.6 revokes a defendant's firearms right until a court restores it pursuant to RCW 9.41.040(4)(b)(i) (restoration petition requirements) and RCW 9.41.047 (restoration of possession rights). But former RCW 9.41.040 (1992) did not prohibit a person convicted of vehicular homicide from possessing firearms. The legislature did not add that prohibition until 1994. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 402; LAWS OF 1994, 1st Spec. Sess., ch. 7, § 401. The sentencing court then had no authority to revoke Mr. Rivard's right to possess firearms for a period longer than his *1117 DOC supervision. That supervision ended on or about November 30, 1999.
¶ 7 The State argues nonetheless that laws in effect in 1993 or 1997 are not relevant. The pertinent date, it contends, is the date Mr. Rivard petitioned for restoration. And Mr. Rivard's crime of vehicular homicide is currently a disabling crime (a class A felony) under RCW 9.41.040(4). From this, the State argues that Mr. Rivard would never be entitled to have his right to possess firearms restored.
¶ 8 Sentencing courts may impose only statutorily authorized sentences. State v. Paulson, 131 Wash.App. 579, 588, 128 P.3d 133 (2006). They do not have legal authority to sentence an offender beyond that authorized by the legislature. In re Pers. Restraint of Fleming, 129 Wash.2d 529, 533, 919 P.2d 66 (1996). And the law in effect at the time a criminal offense is actually committed controls disposition of the case. State v. Schmidt, 143 Wash.2d 658, 673-74, 23 P.3d 462 (2001).
¶ 9 So a trial court's action is void if it exceeds its sentencing authority. Paulson, 131 Wash.App. at 588, 128 P.3d 133 (citing State v. Phelps, 113 Wash.App. 347, 355, 57 P.3d 624 (2002)). And "`[w]hen a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence, when the error is discovered.'" State v. Cayenne, 139 Wash.App. 114, 118, 158 P.3d 623 (2007) (emphasis omitted) (quoting McNutt v. Delmore, 47 Wash.2d 563, 565, 288 P.2d 848 (1955)), review granted, 163 Wash.2d 1017, 180 P.3d 1292 (2008); In re Pers. Restraint of Carle, 93 Wash.2d 31, 33, 604 P.2d 1293 (1980); State v. Williams, 51 Wash.2d 182, 185, 316 P.2d 913 (1957). We apply clear statutes according to their plain language. In re Pers. Restraint of Skylstad, 160 Wash.2d 944, 948, 162 P.3d 413 (2007).
¶ 10 Mr. Rivard's vehicular homicide conviction stems from an offense he committed on December 1, 1993. So the law in effect in 1993 set the sentencing court's authority to revoke Mr. Rivard's firearms right. Schmidt, 143 Wash.2d at 673-74, 23 P.3d 462.
¶ 11 Here, the plain language of the relevant statutory provisions did not authorize the court to revoke the firearms right of a person convicted of vehicular homicide beyond the time that the offender was subject to DOC supervision. Former RCW 9.94A.120(13) (1993); former RCW 9.41.040(1) (1992).
¶ 12 First, former RCW 9.94A.120(13) (1993) prohibited an offender from owning, using, or possessing firearms or ammunition while under DOC supervision. And, second, former RCW 9.41.040(1) (1992) stated that a person convicted of a "crime of violence" or a "felony in which a firearm was used or displayed" could not own or possess short firearms or pistols. A "crime of violence" did not include vehicular homicide. Former RCW 9.41.010(2) (1992); former RCW 46.61.520(2) (1991). Mr. Rivard, of course, did not use or display a firearm during the commission of his vehicular homicide offense.
¶ 13 The court then exceeded its authority to revoke Mr. Rivard's firearms right when it failed to cross off paragraph 5.6 of the judgment and sentence form. That portion of the court's order is void. See Cayenne, 139 Wash.App. at 118, 158 P.3d 623.
¶ 14 Mr. Rivard's firearms right was restored automatically after DOC no longer supervised him.
¶ 15 We affirm the decision of the trial court restoring Mr. Rivard's right to possess firearms.
WE CONCUR: BROWN, J., THOMPSON, J. Pro Tem.