217 P.3d 374 (2009)
STATE of Washington, Appellant,
v.
Brian A. McMILLAN, Respondent.
No. 27475-6-III.
Court of Appeals of Washington, Division 3.
September 17, 2009.
*375 David E. Turplesmith, Stevens County Prosecutor's Office, Colville, WA, for Appellant.
Chris A. Montgomery, Montgomery Law Firm, Colville, WA, for Respondent.
BROWN, J.
¶ 1 The trial court, exercising its fact-finding discretion, relieved sex offender, Brian A. McMillan, of his duty to register. The State appeals, contending Mr. McMillan failed to show by clear and convincing evidence that continued registration no longer served the purpose of the registration statutes. Finding no error, we affirm.

FACTS
¶ 2 In January 1998, Mr. McMillan pleaded guilty to two counts of second degree rape of a child. On May 19, 1998, the court sentenced Mr. McMillan to 131 months, suspended under a Special Sex Offender Sentencing Alternative (SSOSA). His sentence was later modified to 89 months. The court also ordered Mr. McMillan to register as a sex offender as outlined in section 5.7 of the judgment and sentence.
¶ 3 On September 9, 2008, the trial court relieved Mr. McMillan of his duty to register, finding he had been in the community for over 10 years without being convicted of any new offenses and his likelihood to reoffend was low. The court partly relied on the declaration of Dr. Clark Ashworth, a clinical psychologist. Dr. Ashworth opined that Mr. McMillan did not pose "any significant risk of sexual re-offending." Clerk's Papers (CP) at 100. In his oral ruling, the judge discussed the registration statute, set forth the factors in deciding whether to relieve an offender's registration requirement, and commented on the factors. The judge did not make a written finding that the purpose of the registration statutes would no longer be met if Mr. McMillan was required to continue to register. The State appealed.

ANALYSIS
¶ 4 The issue is whether the trial court erred in granting Mr. McMillan's request to relieve his duty to register as a sex offender.
¶ 5 Sex offenders have a duty to register under RCW 9A.44.130(1)(a). RCW 9A.44.140 permits a person having a duty to register under RCW 9A.44.130 to petition the superior court to be relieved of that duty. The statute provides, however, that the court "shall consider the nature of the registrable offense committed, and the criminal and relevant noncriminal behavior of the petitioner both before and after conviction" and may grant the petition "only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, 70.48.470, and *376 72.09.330." RCW 9A.44.140(3)(a). Clear and convincing is an intermediate evidentiary standard. In re Custody of C.C.M., 149 Wash.App. 184, 203, 202 P.3d 971 (2009) (citing Bang D. Nguyen v. Dep't of Health, Med. Qual. Assur. Comm'n, 144 Wash.2d 516, 525, 29 P.3d 689 (2001)). The choice, interpretation, and application of a statute to particular facts are matters of law reviewed de novo. State v. Ayala, 108 Wash.App. 480, 484, 31 P.3d 58 (2001). But, once a petitioner has shown by clear and convincing evidence that registration as a sex offender will not serve the purpose of the statute, waiver is within the trial court's discretion. RCW 9A.44.140 provides that the court may relieve the petitioner of the duty to register. The word "may" when used in a statute is generally permissive and operates to confer discretion. Spokane County ex rel. Sullivan v. Glover, 2 Wash.2d 162, 165, 97 P.2d 628 (1940).
¶ 6 Initially, the State contends the trial court failed to find either in its written findings or in its oral ruling that Mr. McMillan presented clear and convincing evidence that future registration of the petitioner will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, and 70.48.470. Neither RCW 9A.44.140 nor subsequent legal authority require the court to make a written finding that the petitioner has met his burden. Turning to the court's oral ruling, the court stated:
[M]y thinking is that when I look at this statute and just to go through it here quickly, the nature of the registration offense, the offense that you have to register for, this was a very serious couple of counts that . . . Mr. McMillan was found guilty of. . . . On the other hand, the judge, at that time, did grant a treatment alternative. And I've got to believe, knowing Judge Kristianson, that it would have been a very difficult decision for him to make because on one hand there's a kind of informal practice in these three counties where you have multiple victims and it's been ongoing, not to allow for treatment. But here, I think the judge looked at it, looked at the resources, looked at the expert opinions here, Dr. Ashworth, and concluded that it was a safe bet. And he went ahead with treatment. So that's an important consideration in my mind.
But more important than that is what's happened over the last ten years. And over the last ten years Mr. McMillan has complied with probation, community supervision, community custody and maybe most important in the end, he has worked with Dr. Ashworth and Dr. Ashworth can come in and give his informed opinion here about the risk that is presented. And that gets me back to this statute. The conviction and then what's occurred over the last ten years and then, you know, finally this question about whether there's been a showing by clear and convincing evidence here that Mr. McMillan no longer presents a risk. And there I have Mr. Turplesmith there, number one, I have ten years of a clean bill of health. Two, I have, on the other hand, Mr. Turplesmith saying well judge, there's always a possibility. And he's right when he says that. But on the other hand, I have an expert who works with sex offenders saying no. That there's no risk here.
Report of Proceedings (RP) at 10-11. The judge expressly reviewed the factors in RCW 9A.44.140(3)(a) and addressed each one, specifically mentioning the clear and convincing standard. Further, the court addressed the purpose of registration and commented in depth on its finding that Mr. McMillan was unlikely to reoffend. This is sufficient to meet the finding requirements of RCW 9A.44.140(3)(a).
¶ 7 The State next contends Mr. McMillan did not show with clear and convincing evidence that future registration will not serve the purposes of RCW 9A.44.130, 10.01.200, 43.43.540, 46.20.187, 70.48.470, and 72.09.330. The purpose of the sex offender registration statute is to assist law enforcement efforts in protecting communities against reoffense by convicted sex offenders. State v. Pray, 96 Wash.App. 25, 28, 980 P.2d 240 (1999).
¶ 8 Mr. McMillan complied with all SSOSA requirements. Over the last 10 years, Mr. McMillan has complied with probation, community supervision, community custody and worked with Dr. Ashworth, who opined that Mr. McMillan was at a low risk to reoffend. *377 The judge stated, "as a matter of policy . . . . if I don't grant it in this situation, a petition to drop the registration requirement, then when do I? In other words, if you don't reward a probationer for having successfully done something ordered by the court, then the whole process becomes illusory." RP at 11.
¶ 9 In sum, the trial court exercised its fact-finding discretion in deciding the evidence rose to the clear and convincing standard. In other words, Mr. McMillan proved to the trial court by clear and convincing evidence that the purpose of the registration statutes was no longer being met by continuing to require him to register.
¶ 10 Affirmed.
WE CONCUR: SWEENEY and KORSMO, JJ.