# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68033-1-I |
| Respondent, | ) | DIVISION ONE |
| v. | ) | |
| DIANA DEBORAH SMITH, aka LYDIA VALERIA TAMAS, aka DIANA JOHNSON, | ) | UNPUBLISHED |
| | ) | FILED: March 4, 2013 |
| Appellant. | ) | |

2013 MAR -4 AM 8:54
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

Cox, J. — Under RCW 9.94A.640, a trial court has discretion to clear the conviction record of an offender if she satisfies the criteria of RCW 9.94A.640. Because the trial court's denial of Lydia Tamas's motion to vacate her conviction record was not manifestly unreasonable, we affirm.

Lydia Tamas pleaded guilty to attempted second degree assault with a firearm in 2001. Ten years later, Tamas moved to clear her record of conviction under RCW 9.94A.640. The State opposed her motion. After both written submissions and oral argument, the trial court denied Tamas's motion to vacate her record of conviction.

Tamas appeals.

## STANDARD OF REVIEW

Tamas first argues that we should review the trial court's denial of her motion to vacate de novo. We disagree.

Under RCW 9.94A.640, "If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court *may* clear the record of conviction . . . ."[1] "The word 'may' when used in a statute is generally permissive and *operates to confer discretion*."[2] As our supreme court recently noted, "Under [RCW 9.94A.640], the court *in its discretion* 'may clear the record of conviction' . . . ."[3] Thus, we review the trial court's decision to clear an offender's criminal record for an abuse of discretion.

RCW 9.94A.640(2) states that "[a]n offender may *not* have the record of conviction cleared if: . . . (b) the offense was a violent offense as defined in RCW 9.94A.030." Unlike RCW 9.94A.640(1), subsection (2) requires the trial court to make a legal determination whether an offender's record can be cleared. If a trial court decides that it cannot clear an offender's record based on RCW 9.94A.640(2), we review this legal determination de novo.[4]

Here, the trial court expressly recognized that Tamas met the requirements of RCW 9.94A.640(2), and that it could clear Tamas's record. The court then exercised its discretion under RCW 9.94A.640(1) and denied Tamas's motion. The court stated: "I understand that I do have discretion [to clear the

---

[1] RCW 9.94A.640(1) (emphasis added).

[2] State v. McMillan, 152 Wn. App. 423, 426-27, 217 P.3d 374 (2009) (citing Spokane County ex rel. Sullivan v. Glover, 2 Wn.2d 162, 165, 97 P.2d 628 (1940)).

[3] In re Pers. Restraint of Carrier, 173 Wn.2d 791, 804, 272 P.3d 209 (2012) (emphasis added) (quoting former RCW 9.94A.640(1) (1987)).

[4] See State v. Roswell, 165 Wn.2d 186, 192, 196 P.3d 705 (2008) (noting that an appellate court reviews questions of law de novo).

attempted second degree assault conviction] . . . . But what it comes down to in my understanding of the law is: Why should I exercise my discretion in that particular—on that particular charge?"[5] Because the denial of Tamas's motion was an exercise of the court's discretion, we review the decision for an abuse of discretion.

Tamas argues that the trial court implicitly relied on an incorrect legal interpretation of RCW 9.94A.030, the definitional section of the Sentencing Reform Act, when it denied her motion, and that our review of this denial should consequently be de novo. In so arguing, Tamas relies on the trial court's use of the word "serious" when it denied her motion. The trial court stated: "I am not going to vacate the conviction in that case. I'm exercising my discretion based on the seriousness of that case."[6] Tamas contends that the trial court utilized an incorrect legal definition of what constitutes a "serious" crime under RCW 9.94A.030 when it denied her motion. But there is no indication in the record that the court was using the word "serious" as a legal determination, nor that it was relying on RCW 9.94A.030. Nor does Tamas point us to any evidence of the trial court's reliance on this statute or its legal definitions. Consequently, her argument is without merit.

Tamas also argues that her motion to vacate involved both questions of statutory construction and questions of fact, and thus must be reviewed de novo. But, again, the court's denial of Tamas's motion was not made based on its legal

---

[5] Report of Proceedings (Nov. 9, 2011) at 5.

[6] Id. at 13.

3

interpretation of what qualifies for clearing a record under RCW 9.94A.640(2). The court exercised the discretion allocated it by the legislature under RCW 9.94A.640(1). Indeed, Tamas herself notes in her Reply Brief that "it has always been agreed by all parties that the decision on whether to vacate the conviction of an eligible defendant or not was *within the trial court's discretion*."[7] We review this exercise of discretion for an abuse of discretion.

## VACATION OF OFFENDER'S RECORD

Tamas argues that the trial court erred when it denied her motion to vacate the record of her second degree assault conviction. We disagree.

RCW 9.94A.640 provides:

> (1) Every offender who has been discharged under RCW 9.94A.637 may apply to the sentencing court for a vacation of the offender's record of conviction. If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court *may* clear the record of conviction . . . .

> (2) An offender *may not* have the record of conviction cleared if: (a) There are any criminal charges against the offender pending in any court of this state or another state, or in any federal court; (b) the offense was a violent offense as defined in RCW 9.94A.030; (c) the offense was a crime against persons as defined in RCW 43.43.830; (d) the offender has been convicted of a new crime in this state, another state, or federal court since the date of the offender's discharge under RCW 9.94A.637; (e) the offense is a class B felony and less than ten years have passed since the date the applicant was discharged under RCW 9.94A.637; (f) the offense was a class C felony, other than a class C felony described in RCW 46.61.502(6) or 46.61.504(6), and less than five years have passed since the date the applicant was discharged under RCW 9.94A.637; or (g) the offense was a class C felony described in RCW 46.61.502(6) or 46.61.504(6).[8]

---

[7] Reply Brief of Appellant at 2 (emphasis added).

[8] (Emphasis added.)

As we stated earlier in this opinion, if the offender meets the test enunciated in subsection (2) of RCW 9.94A.640, the court *may* clear her conviction. But, nothing in RCW 9.94A.640 *requires* the court to clear an offender's criminal conviction. In fact, the language of subsection (1) clearly provides the court with discretion to decide whether to clear the record or not.

We review a trial court's denial of a motion to clear a conviction record for an abuse of discretion.[9] "A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds. A trial court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law."[10]

Because the legislature provided the trial court with discretion when deciding whether to clear a criminal conviction, so long as the trial court's decision is not "manifestly unreasonable," it will stand.[11] Here, the trial court noted that it *did* have discretion to clear Tamas's record. It then stated that it was "exercising [its] discretion based on the seriousness of [the attempted assault in the second degree] *case*."[12] This wording indicates that the trial court denied Tamas's motion based on the court's perception of the seriousness of the

---

[9] See Carrier, 173 Wn.2d at 804.

[10] Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 339, 858 P.2d 1054 (1993) (footnotes omitted).

[11] Id.

[12] Report of Proceedings (Nov. 9, 2011) at 13 (emphasis added).

crime of conviction, not based on the legal definition of attempted second degree assault.

Tamas pleaded guilty to attempted assault in the second degree with a firearm. In her statement on the plea of guilty, Tamas acknowledged that she did "intentionally . . . attempt to assault another and thereby recklessly inflict substantial bodily harm . . . and at said time, . . . was armed with a firearm as defined in RCW 9.41.010, under the authority of 9.94A.310(3)."[13] These facts provided a reasonable basis on which the court could deny Tamas's motion to clear her record of conviction.

Further, though all of the parties agree that attempted assault in the second degree does not fall into those crimes listed in RCW 9.94A.640(2), that did not preclude the trial court from considering the seriousness of Tamas's conviction under subsection (1). As the State noted in its response to Tamas's motion, RCW 9.94A.640(2) prohibits clearing any crimes against persons as defined under RCW 43.43.830.[14] Though RCW 43.43.830 does not list **attempted** assault in the second degree, it does list assault in the second and third degree. The court could consider this in its assessment of RCW 9.94A.640(1). It was not an exercise of legal interpretation but a proper exercise of discretion for the trial court to conclude that though second degree attempted assault **could be** cleared from Tamas's record under RCW 9.94A.640(2), it need not be.

---

[13] Clerk's Papers at 14-15.

[14] Id. at 59-60 (citing RCW 43.43.830(5)).

The State argues that the trial court did not abuse its discretion, relying on the facts contained in the certification of probable cause. Like the trial court, however, we choose not to rely on this part of the record. As the trial court noted, "I do understand that [Tamas] did not stipulate to real facts [in the certification for probable cause] when she pled guilty on the Assault 2."[15] The trial court thus properly recognized that the facts outlined in the certification of probable cause were not "real facts."[16] Consequently, relying on that certificate would have been improper under the circumstances of this case.

Tamas argues that the trial court relied on an incorrect legal interpretation when it denied her motion to clear her attempted second degree assault conviction. She contends that the trial court understood attempted second degree assault to be a legally "serious" offense, though it is not clear that it qualifies as such. Thus, she argues, this error of law was an abuse of discretion. But the record belies this claim.

As noted above, the trial court noted that "I understand that I do have discretion. . . . But what it comes down to in my understanding of the law is: Why should I exercise my discretion in that particular—on that particular charge?"[17] This quotation indicates that the trial court did not base its denial of

---

[15] Report of Proceedings (Nov. 9, 2011) at 5.

[16] See State v. Barnes, 117 Wn.2d 701, 707, 818 P.2d 1088 (1991) (noting that the "real facts" doctrine excludes consideration of crimes that were charged but later dismissed).

[17] Report of Proceedings (Nov. 9, 2011) at 5.

Tamas's motion to vacate on a legal rationale. Instead, it exercised its discretion given the facts before it, as it was permitted to do under RCW 9.94A.640(1).

Tamas argues that under this court's opinion in Coggle v. Snow,[18] a court's exercise of discretion "requires decision-making founded upon principle and reason."[19] We agree. But the trial court did exercise its discretion on principle and reason when it denied Tamas's motion. It considered Tamas's record of conviction for attempted second degree assault with a firearm and found that, due to the seriousness of this conviction, it was not a record that the trial court chose to clear. Nor was it required to under RCW 9.94A.640(1). Coggle does not enunciate a different "abuse of discretion" standard than the one we apply here.

Tamas also argues that whether an attempted second degree assault conviction is legally "serious" is ambiguous under Washington law, and that the rule of lenity thus applies to her motion to vacate her offender record. But, Tamas raises this argument for the first time on appeal. Under RAP 2.5(a)(3), "[t]he general rule is that appellate courts will not consider issues raised for the first time on appeal."[20] An appellant seeking review under RAP 2.5(a)(3) must demonstrate that the error is manifest and truly of a constitutional magnitude.[21]

---

[18] 56 Wn. App. 499, 784 P.2d 554 (1990).

[19] Brief of Appellant at 19 (quoting Coggle, 56 Wn. App. at 505).

[20] State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).

[21] Id. at 926-27.

8

Here, Tamas fails to present any argument as to why this error meets the requirements of RAP 2.5(a)(3). Thus, we need not address it.

We affirm the denial of the motion to vacate.

_Cox, J._

WE CONCUR:

_Spearman, A.C.J._        _Schindler, J._