IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Respondent, | ) | No. 32393-5-III |
| | ) | |
| v. | ) | |
| | ) | |
| WALLACE EDWARD SCHNEIDER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Wallace Schneider has been required to register as a sex offender since 1990 due to a 1977 conviction for first degree rape. He appeals the trial court's denial of his petition for relief from the registration obligation, arguing (1) the sex offender registration requirement constitutes an ex post facto punishment and a bill of attainder and (2) the trial court abused its discretion in denying his petition. We disagree with Mr. Schneider's assignments of error and affirm.

FACTS

In 1977, 19-year-old Wallace Schneider pleaded guilty to first degree rape. Mr. Schneider was initially placed in Western State Hospital's (Western) sexual psychopathy program, where he remained for 11 months. In 1977, Western excluded Mr. Schneider from its program, largely because he had engaged in sexual activity with another patient.

Mr. Schneider was then sent to prison, where he remained until his release in 1988 at the age of 31.

Since 1990, Mr. Schneider has been required to register as a sex offender. In 2013, Mr. Schneider petitioned the Ferry County Superior Court for an order relieving him of this requirement. The State initially opposed the petition. An evidentiary hearing was held and the trial court denied the petition. Mr. Schneider subsequently filed for rehearing based upon a risk assessment obtained from a certified sex offender treatment provider. The assessment indicated Mr. Schneider had less than a one percent risk of him reoffending. After reviewing the risk assessment, the State took a neutral stance on the petition. Despite the State's change in position, the trial court again denied Mr. Schneider's request for relief, finding he had not satisfied his burden of establishing rehabilitation. Mr. Schneider has filed a timely appeal.

ANALYSIS

Constitutionality of RCW 9A.44.130-.140

Mr. Schneider claims that retroactive enforcement of Washington's sex offender obligations on him violates the ex post facto clauses of the state and federal constitutions and constitutes an unconstitutional bill of attainder. Resolution of both arguments turns on whether the sex offender registration obligation is deemed punitive. *In re Pers.*

2

*Restraint of Metcalf,* 92 Wn. App. 165, 177-78, 963 P.2d 911 (1998). The Supreme

Courts of Washington and the United States have both found the obligation is not

punitive. *State v. Ward,* 123 Wn.2d 488, 495, 869 P.2d 1062 (1994); *Smith v. Doe,* 538

U.S. 84, 105-06, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003). We are bound by these

decisions. Thus, Mr. Schneider's constitutional challenge must fail.

Denial of the Petition under RCW 9A.44.142

A trial court's ruling on a petition for relief under RCW 9A.44.142 is reviewed for

abuse of discretion. *See State v. McMillan,* 152 Wn. App. 423, 426-27, 217 P.3d 374

(2009). The issue is not whether the judges on this court would have reached a different

result. Instead, the question is whether the trial court's decision "is manifestly

unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of

Littlefield,* 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "A court's decision is manifestly

unreasonable if it is outside the range of acceptable choices, given the facts and the

applicable legal standard; it is based on untenable grounds if the factual findings are

unsupported by the record; it is based on untenable reasons if it is based on an incorrect

standard or the facts do not meet the requirements of the correct standard." *Id.* at 47.

Mr. Schneider assigns two legal errors to the trial court's discretionary denial of his

petition for relief from registration. First, he complains the court improperly limited

testimony from a witness named Andrew Leeper. We disagree. Mr. Leeper is the brother

of Mr. Schneider's late wife. He was initially identified only as a lay witness. Mr. Leeper

testified at length regarding his knowledge of Mr. Schneider and his opinion regarding Mr.

Schneider's character. The only limitation placed on Mr. Leeper's testimony was a

prohibition on interpreting Mr. Schneider's discharge letter from Western. Because Mr.

Leeper was not a trained psychologist or counselor and had never worked for Western, the

trial court did not abuse its discretion in excluding this testimony.

Second, Mr. Schneider argues the trial court's decision to deny the petition was

governed by the wrong legal standard. Again, we disagree. The trial court correctly

assigned Mr. Schneider the burden of proving that he should be relieved from registration

by "clear and convincing evidence." RCW 9A.44.142(4)(a). The court also correctly

identified the various factors that may be relied on in determining whether this burden is

met.[1] In addition to these accurate legal recitations, the trial court's orders contain

---

[1] The trial court's citation to the list of statutory factors was erroneously identified as RCW 9A.44.143(5)(a) to (m) (which applies to relief from registration for juvenile offenses) instead of RCW 9A.44.142(4)(b)(i) to (xiii) (which applies to relief from adult convictions). However, this is nothing more than a scrivener's error. The two lists of factors are the same.

4

language echoing a prior version of Washington's registration statute.[2] This prior version stated that relief from registration would only be granted "if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not" serve the purposes of the state's registration scheme. *See* former RCW 9A.44.140(3)(a) (2002). While the trial court's word choice may have been somewhat outdated, it was not substantively inaccurate. The former statute does not differ materially from the current one. Both versions express the same sentiment: if an offender is sufficiently rehabilitated to warrant removal from the registry, then further registration does not serve the purpose of the registration scheme, namely to protect the community from re-offense. The court's order was not in error.

Apart from the aforementioned claims of legal error, Mr. Schneider argues the trial court incorrectly weighed the evidence, particularly the evidence presented from his sex offender risk assessment. The trial court's order makes plain that the judge read the assessment and considered the information contained therein. The judge simply exercised his right to reject the evaluator's conclusion that Mr. Schneider's circumstances warranted relief from the registration obligation. This is not something we will disturb on appeal. *Brewer v. Copeland*, 86 Wn.2d 58, 74, 542 P.2d 445 (1975).

---

[2] Mr. Schneider did not object to this wording in his motion for reconsideration.

No. 32393-5-III
*State v. Schneider*

The decision of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

6