[No. 31826. Department One. August 16, 1951.]

*In the Matter of the Application for a Writ of Habeas Corpus of* JAMES LESLIE DOBSON, *Petitioner, v.* JOHN R. CRANOR, *as Superintendent of the State Penitentiary, Respondent.*[1]

*James Leslie Dobson, pro se.*

*The Attorney General* and *Jennings P. Felix, Assistant,* for respondent.

PER CURIAM.—Petitioner has applied for a writ of *habeas corpus,* alleging that he is unlawfully restrained of his liberty at the state penitentiary by virtue of a judgment and

[1] Reported in 235 P. (2d) 164.

sentence of the superior court for Yakima county, upon a plea of guilty of the purported crime of "larceny by check."

We held in *In re Sorenson v. Smith*, 34 Wn. (2d) 659, 209 P. (2d) 479, that there is no statute which designates "larceny by check" a crime. However, we also held in that case that, where such a recitation is in the judgment, we may examine the information in order to ascertain what the charge actually was.

Turning to the information in the instant case, we find that the defendant (petitioner herein) was charged with feloniously obtaining from certain named individuals the sum of $83, lawful money of the United States of America, with intent to deprive and defraud the owners thereof, by color and aid of a check, which check was set out verbatim in the information, and that defendant then and there knew that the drawer of the check was not authorized or entitled to make or deliver the same.

Under Rem. Rev. Stat., § 2601 (2) [P.P.C. § 117-47], the above constituted larceny, and under Rem. Rev. Stat., § 2605 (5) [P.P.C. § 117-55], the above constituted grand larceny. Petitioner was therefore properly charged with the crime of grand larceny. The application for the writ of *habeas corpus* is therefore denied.

Upon the authority of Rem. Rev. Stat., § 1083 [P.P.C. § 58-39], we order and direct the superintendent of the state penitentiary, respondent herein, to deliver petitioner into the custody of the sheriff of Yakima county, for resentence by the superior court of that county for the crime of grand larceny, upon his plea of guilty heretofore given to said charge.