[No. 31871.   Department One.   October 4, 1951.]

*In the Matter of the Application for a Writ of Habeas Corpus
of* THOMAS EUGENE DILL, *Petitioner,* v. JOHN R. CRANOR,
*as Superintendent of the State Penitentiary,
Respondent.*[1]

*Thomas Eugene Dill, pro se.*

*The Attorney General* and *Jennings P. Felix, Assistant,*
for respondent.

PER CURIAM.—Petitioner applied for a writ of *habeas
corpus.* His contention that the board of prison terms
and paroles could not revoke his parole and have him re-
turned to the penitentiary has been so often answered ad-
versely that citation of authority is no longer necessary.

The charge against him was that he had attempted

" '. . . to utter a check in the amount of $56.00
drawn on the Puget Sound National Bank, Tacoma, Wash-
ington, made payable to George F. Martin, and signed in
the name of A. L. Bush, said name of A. L. Bush being a
forgery within the knowledge of the defendant and said
attempt to utter being with intent to defraud.' "

To that information he entered a plea of guilty.

The information was entitled, and the judgment and sen-

[1]Reported in 235 P. (2d) 1006.

tence purported to adjudge him guilty of, "attempted forgery."

■ There can be no doubt that the information charged attempted forgery in the first degree. See Rem. Rev. Stat., § 2583 [P.P.C. § 115-129], defining first-degree forgery. It is obvious that the uttering of a forged check is not within the second-degree forgery statute. See Rem. Rev. Stat., § 2585 [P.P.C. § 115-133]. Petitioner's contention that the information to which he entered a plea of guilty charged him with attempted second-degree forgery is untenable.

■ The judgment and sentence, however, appears erroneous in that it refers only to the crime of "attempted forgery," without specifying the degree. This does not make the judgment and sentence void, but it does require resentencing. *In re Cress*, 13 Wn. (2d) 7, 123 P. (2d) 767; *In re Bass v. Smith*, 26 Wn. (2d) 872, 176 P. (2d) 355; *In re Dobson v. Cranor, ante* p. 174, 235 P. (2d) 164.

The petition for a writ of *habeas corpus* is denied; but, under the authority of Rem. Rev. Stat., § 1083 [P.P.C. § 58-39], we order the superintendent of the Washington state penitentiary, respondent herein, to deliver the petitioner into the custody of the sheriff for Pierce county, for resentencing by the superior court for that county, for the crime of attempted forgery in the first degree, upon his plea of guilty heretofore given to that charge.