[No. 33275.  *En Banc.*  October 13, 1955.]

*In the Matter of the Application for a Writ of Habeas Corpus of* RALPH McNUTT, *Petitioner,* v. LAWRENCE L. DELMORE, JR., *as Superintendent of the State Penitentiary, Respondent.*[1]

*Ralph McNutt, pro se.*

*The Attorney General* and *Michael R. Alfieri, Assistant,* for respondent.

PER CURIAM.—The petitioner is an inmate of the penitentiary at Walla Walla. On May 16, 1950, he entered a plea of guilty in King county to an information for petit larceny. Subsequently, but before sentence had been pronounced, he was adjudicated to be an habitual criminal by reason of having been convicted in Oregon of the crime of knowingly uttering and publishing a false and forged bank check, which is a felony in the state of Washington.

RCW 9.92.090 [*cf.* Rem. Rev. Stat., § 2286] provides that the penalty for such an habitual criminal as the petitioner, shall be "imprisonment in the state penitentiary for not less than ten years."  This minimum penalty, however, is not the

[1] Reported in 288 P. (2d) 848.

sentence prescribed by law for the reason that RCW 9.95.010 [*cf.* Rem. Supp. 1947, § 10249-2, part] provides, *inter alia*:

"The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term. If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment, but in any case where the maximum term is fixed by the court it shall be fixed at *not less than twenty years*." (Italics ours.)

On June 16, 1950, the trial court erroneously imposed a sentence of imprisonment in the penitentiary "for not less than ten years." On December 22, 1950, the trial court entered an order directing an armed guard to return the petitioner to King county. On February 1, 1951, the trial court entered an order setting aside the judgment and sentence, declaring it to be *erroneous* under RCW 9.95.010 [*cf.* Rem. Supp. 1947, § 10249-2, part]. On the same day, a *nunc pro tunc* judgment and sentence, as of June 16, 1950, was entered by the trial court, sentencing the petitioner to a term of *not more than twenty years*.

Petitioner now seeks release by writ of *habeas corpus.* His theory is that the trial court had no power to vacate, set aside, or correct the first sentence imposed upon him; that the second sentence was therefore void; and that he can not be held under it. As to the first sentence, he contends that it was erroneous so that there is no valid judgment and sentence under which he can be held.

Petitioner's theory that the trial court was powerless to correct the first sentence imposed upon him, is predicated upon *In re Lucas,* 26 Wn. (2d) 289, 173 P. (2d) 774, in which it was held that Rem. Rev. Stat., § 464 [*cf.* RCW 4.72.010], governing the vacation of *civil* judgments, applied to criminal judgments and sentences. It further held that a "mistake of the judge in pronouncing sentence" is not one of the statutory grounds for the vacation of judgments within the purview of the statute. The *Lucas* case has been overruled *sub silentio* on numerous occasions. *In re Bass v. Smith,*

26 Wn. (2d) 872, 176 P. (2d) 355; *In re Dill v. Cranor,* 39 Wn. (2d) 444, 235 P. (2d) 1006.

We now specifically overrule the *Lucas* case and hold that the civil statute for the vacation of judgments, does not apply in criminal cases. When a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the *erroneous* sentence, when the error is discovered. This does not, of course, affect the finality of a correct judgment and sentence that was valid at the time it was pronounced.

In the instant case, the first sentence was erroneous, and the trial court properly vacated it and imposed a sentence that was correct in all particulars, under which the petitioner is now being held.

The petition for a writ of *habeas corpus* is denied.