[No. 34039.   Department Two.   October 24, 1957.]

THE STATE OF WASHINGTON, *Respondent*, v. LAWRENCE
WILLIAMS, *Appellant*.[1]

[1]Reported in 316 P. (2d) 913.

*Clyde C. Houston*, for appellant.

*Paul A. Klasen, Jr.*, and *Gary Box*, for respondent.

ROSELLINI, J.—The defendant was charged with second-degree assault, and, after counsel had been appointed to represent him and had been given an opportunity to prepare his defense, he entered a plea of guilty. He appeared for sentencing on September 28, 1956, and at that time, statements of the prosecuting witnesses, husband and wife, concerning the circumstances of the crime, were read into the record. If the accusations contained in these statements were true, the defendant was also chargeable with attempted rape and sodomy at the time and place of the assault. One of the witnesses appeared at the hearing and asked the court to deal leniently with the defendant, stating, in effect, that if he had not acted so hastily in defense of his wife, the defendant might not have assaulted him. At the conclusion of this hearing, the court entered judgment against the defendant and sentenced him to a maximum of fifteen years in the state reformatory.

Thereafter, it was discovered that, through an error of the prosecutor, the sentence imposed was greater than the maximum prescribed by RCW 9.11.020, defining the crime of assault in the second degree and fixing the maximum punishment. The court thereupon vacated the judgment for the purpose of correcting the sentence, and ordered the defendent returned for resentencing. On October 19, 1956, the day set for the hearing on the resentencing, the dedendant filed a motion to change his plea from guilty to not guilty, alleging by affidavit that he had not been able to recall the events of the night of the crime, by reason of the fact that he was intoxicated at the time, and had to rely upon the statements of the prosecuting witnesses for knowledge of his guilt or innocence, and further that the testimony of one of the witnesses in court on the day of the hearing had shown that he was not at fault.

After some argument on this motion, the court denied it for the reason that it was not properly before the court at that time. The defendant did not move for a continuance, and the motion was never brought on for hearing. Instead, the defendant gave oral notice of appeal from the denial of the motion. He was thereupon sentenced to a maximum term of ten years, as provided by statute.

Two questions have been presented on appeal. They can be disposed of without a further discussion of the circumstances of the crime.

The first error alleged is that the court erred in admitting the unsworn statements of the prosecuting witnesses at the first hearing, the contention being that he was improperly influenced by these statements.

The sentencing judge is required to furnish the board of prison terms and paroles a statement of all the facts concerning the convicted person's crime and any other information of which he may be possessed relative to the defendant, together with a recommendation of what, in his judgment, should be the duration of the convicted person's imprisonment. See RCW 9.95.030. These statements could be considered by the court for that purpose and also for the purpose of deciding whether to suspend sentence, but not

for the purpose of deciding upon the maximum to be imposed, since, under RCW 9.95.010, the court has no discretion in fixing the maximum sentence, that being provided by statute. The suspending of a sentence is a matter which rests in the sound discretion of the trial court, which can make whatever investigation it deems necessary or desirable. The defendant is not entitled to a hearing on this matter. *State v. Cohen*, 11 Wn. (2d) 203, 118 P. (2d) 959. No right of the defendant was prejudiced by the admission of the statements of the witnesses. We point to the lack of merit in this assignment of error without deciding whether the question is properly raised on an appeal taken, not from the judgment but from a subsequent order.

The second and last assignment of error concerns the denial of the defendant's motion to change his plea. It is urged that the court should have exercised its discretion in granting or denying this motion, and that it failed to do so. In the first place, this motion was made after judgment and sentence had been entered and consequently could be considered only as an application to vacate the judgment pursuant to RCW 4.27.010. *State v. Taft*, 49 Wn. (2d) 98, 297 P. (2d) 1116; *State v. McKeen*, 186 Wash. 127, 56 P. (2d) 1026.

It is true that the judgment had been vacated for the purpose of correcting the sentence, but it was vacated for this purpose alone. When a sentence has been imposed for which there is no statutory authority, the trial court has the power and duty to correct the erroneous sentence when the error is discovered. *In re McNutt v. Delmore*, 47 Wn. (2d) 563, 288 P. (2d) 848.[2] The opening of a judgment for this limited purpose, however, does not render it a nullity, as the defendant seems to suppose.

---

[2]The court held in the *McNutt* case that the civil statute for the vacation of judgment does not apply in criminal cases, so as to prevent a judge who has imposed an erroneous sentence from correcting the same. However, the applicability of the statute in a case such as this (when a motion for permission to change a plea is made after judgment and sentence have been entered) was recognized in the later case. *State v. Taft, supra.*

■■ Upon a motion to vacate a judgment, unless it is absolutely void, the judgment is entitled to every reasonable intendment in its favor and will not be set aside except upon a clear showing of irregularity or fraud in its procurement and a tender and adjudication of a *prima facie* defense on the merits. *State v. Roff*, 44 Wn. (2d) 309, 266 P. (2d) 1059; *State v. McKeen, supra.* The defendant has made no attempt to show any irregularity or fraud in the original proceeding, and without considering whether he has tendered a *prima facie* defense on the merits, it can be readily seen that he presented to the trial court no valid ground for vacating the judgment and allowing a change of plea.

■ There is a further reason why the court's action on the defendant's motion is not open to objection. As the court stated, the motion was not properly before it, having been served and filed immediately before the hearing without notice to the prosecutor. We must assume that, had the defendant given proper notice and assigned his motion for hearing in accordance with the court rules, it would have been given full attention. Having failed to avail himself of the opportunity to properly present it for hearing, he cannot be heard to complain that the court refused to exercise its discretion.

The order is affirmed.

HILL, C. J., DONWORTH, OTT, and FOSTER, JJ., concur.