[No. 46327. En Banc. January 10, 1980.]

*In the Matter of the Personal Restraint of*
CLIFFORD E. CARLE, *Petitioner.*

*Linda S. Carey,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *C. Mark Casey, Deputy,* for respondent.

*John G. Ziegler* on behalf of Seattle–King County Public Defender Association, amicus curiae.

STAFFORD, J.—Clifford Carle filed a personal restraint petition challenging the enhancement of his penalty following a conviction for first–degree robbery. The petition was not filed as a class action. The petition is granted and the cause remanded for the sole purpose of correcting an erroneous sentence.

Petitioner was charged with first–degree robbery while armed with a deadly weapon, pursuant to RCW 9A.56.200 and RCW 9.95.015. He pleaded guilty and admitted he was so armed. Thereafter, the trial court entered a finding that petitioner "was armed with a deadly weapon as defined by RCW 9.95.040, to–wit: a .38 caliber Colt revolver . . . a firearm under the provisions of RCW 9.41.025, at the time of the commission of . . . FIRST DEGREE ROBBERY . . ."

In July of 1978, petitioner was adjudged guilty as charged and was "sentenced to a maximum term of imprisonment of not more than 20 years . . ." Due to the enhanced penalty provision of RCW 9.41.025(1), petitioner was subject to a minimum nondeferable and nonsuspendable 5–year sentence. *State v. Frazier,* 81 Wn.2d 628, 503 P.2d 1073 (1972). No suspension was requested and none was granted. He did not appeal or otherwise challenge the application of the enhanced penalty provision of RCW 9.41.025(1).

On September 7, 1978, this court held the enhanced penalty provisions of RCW 9.41.025 could not be used in a conviction for first–degree robbery. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). Thereafter, petitioner applied for relief by personal restraint petition alleging two grounds: first, pursuant to RAP 16.4(c)(2), it was alleged that the sentence imposed is in violation of the laws of the State of Washington; and second, pursuant to RAP

16.4(c)(4), it was contended that *Workman* effected a significant change in the law which is material to his sentence, and sufficient reasons exist to require its retroactive application.

The resolution of petitioner's first contention requires an examination of *Workman.* Our decision that RCW 9.41.025 could not be employed to enhance the penalty provided by RCW 9A.56.200 was based specifically on two rules of statutory interpretation: (a) the terms of a specific statute (*i.e.,* RCW 9A.56.200) take precedence over a general statute (*i.e.,* RCW 9.41.025) where both are addressed to the same concern; and (b) under the "rule of lenity" the court will not interpret a criminal statute so as to increase the penalty imposed absent clear evidence of legislative intent to do so. Finding no clear legislative intent that the penalty provided in RCW 9A.56.200 should be enhanced by the provisions of RCW 9.41.025, we held that the State may not "invoke the provisions of RCW 9.41.025(1), enhancing the penalty already provided by the robbery statute [RCW 9A.56.200]." *See Workman,* at page 456. In short, *Workman* held the trial court erred in applying the enhanced penalty provisions of RCW 9.41.025 to RCW 9A.56.200, there being no authority in law to do so.

██ A trial court only possesses the power to impose sentences provided by law. *Workman* made it clear that a trial court has no power to employ the enhanced penalty provisions of RCW 9.41.025 when sentencing one convicted under RCW 9A.56.200. "When a sentence has been imposed for which there is no authority in law, the trial court has the *power and duty to correct the erroneous sentence, when the error is discovered.*" (Some italics ours.) *McNutt v. Delmore,* 47 Wn.2d 563, 565, 288 P.2d 848 (1955); *see State v. Palmer,* 73 Wn.2d 462, 475, 438 P.2d 876 (1968); *see also Heflin v. United States,* 358 U.S. 415, 418, 3 L. Ed. 2d 407, 79 S. Ct. 451 (1959). Because the trial court herein imposed an erroneous sentence, and since the error has now been discovered, the court has both the power and the duty

to correct it. Petitioner is entitled to relief under RAP 16.4(c)(2).

Petitioner's entire sentence is not erroneous, however. Our holding does not affect the finality of that portion of the judgment and sentence that was correct and valid at the time it was pronounced. *McNutt v. Delmore, supra* at 565. We declare only that the trial court must correct the erroneous portion of petitioner's sentence by properly resentencing him without regard for RCW 9.41.025 and its attendant consequences. However, pursuant to *Workman* at pages 456–57, "[t]he State may . . . invoke the provisions of RCW 9.95.040 regarding restriction of parole rights."

Petitioner having prevailed because the sentence was imposed in violation of the laws of this state, it is unnecessary to reach the second issue raised under RAP 16.4(c)(4).

The cause is remanded to the trial court for the purpose of resentencing petitioner nunc pro tunc in accordance with this opinion.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.