# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

IN THE MATTER OF THE                    )    No. 71580-1-I
PERSONAL RESTRAINT OF:                  )
RAYMOND H. MOULTRIE,                    )    DIVISION ONE
                                        )    UNPUBLISHED OPINION
                    Petitioner.         )
                                        )    FILED: March 9, 2015

PER CURIAM.   Raymond Moultrie was convicted of second degree rape following an incident in which he sexually assaulted a developmentally disabled woman while working as a door-to-door magazine salesman. He filed this personal restraint petition challenging, among other things, the following community custody conditions:

> (17) Do not purchase, possess or use alcohol (beverage or medicinal), and submit to testing and reasonable searches of your person, residence, property and vehicle by the Community Corrections Officer.

> (24) Do not access the Internet without the prior approval of your Community Corrections Officer and sex offender treatment provider.[1]

When, as here, a petitioner raises issues that were afforded no previous opportunity for judicial review, the petitioner must demonstrate that he is under restraint and that the restraint is unlawful. RAP 16.4; see also In re Pers. Restraint of Cashaw, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994); In re Pers. Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).

---

[1] The Acting Chief Judge previously dismissed Moultrie's remaining claims as frivolous.

A sentencing court may impose sentencing conditions that are required or allowed by law. In re Pers. Restraint of Carle, 93 Wn.2d 31, 33, 604 P.2d 1293 (1980). A sentencing court also has the ability to enforce the conditions it imposes. State v. Vant, 145 Wn. App. 592, 603-604, 186 P.3d 1149 (2008). Former RCW 9.94A.703(5)(d) (2003), in effect at the time of Moultrie's offense, provides that, as a condition of community custody, an offender "shall not consume alcohol," unless this condition is explicitly waived by the sentencing court. Former RCW 9.94A.703(5)(e) (2003) also gives a sentencing court the discretion to impose "crime-related prohibitions" as a condition of community custody. A "crime-related prohibition" is one that involves "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10).

The State concedes that there is no evidence that alcohol was involved in Moultrie's crime. Therefore, while the sentencing court was authorized to prohibit Moultrie from consuming alcohol pursuant to former RCW 9.94A.703(5)(d) (2003) and to require Moultrie to submit to testing to enforce this condition, it did not have the authority to prohibit him from possessing or purchasing alcohol. The State also concedes that the condition regarding access to the Internet must be stricken because there is no evidence that the Internet contributed to Moultrie's offense. We remand the matter to the

No. 71580-1-I / 3

sentencing court to strike the portion of condition (17) related to the purchase and possession of alcohol and to strike condition (24) in its entirety.[2]

For the court:

Trickey, J.

Jau, J.

Schindler, J

---

[2] Our directions should not be interpreted to preclude the Department of Corrections from imposing any other conditions authorized by statute, nor to preclude such restrictions on Moultrie's conduct if they are imposed as part of the sexual deviancy evaluation ordered or treatment recommended.