IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34362-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| WILLIAM MURRY PORTER, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — In a fourth collateral attack on his sentence on conviction for second degree rape, William Porter filed a CrR 7.8 motion to vacate his amended judgment and sentence so that he could withdraw his 2003 guilty plea. He claims he was led to believe he was pleading to a crime with a determinate sentence, and either his plea was involuntary, because it was based on misinformation, or the State breached the plea agreement when it moved to amend his sentence to be indeterminate as required by law. The trial court denied Mr. Porter's motion on the basis that the relief sought was barred by collateral estoppel or res judicata.

In this most recent collateral attack, Mr. Porter for the first time provides evidence, not just argument, that he was excluded from the process whereby his judgment and sentence was amended to be indeterminate. He argues that because of the lack of notice, the one-year time limit on collateral relief that has been fatal to his prior personal restraint petitions never ran.

This court's order dismissing his first and second petitions in 2010 ruled that Mr. Porter *did* receive notice of the one-year time limit. Since Mr. Porter did not seek discretionary review of that determination, it binds him. He is foreclosed from presenting a better-supported argument, now, that he never received notice of the time limit.

Mr. Porter's CrR 7.8 motion should have been transferred to this court by the superior court for consideration as a personal restraint petition, in which case it would have been dismissed as untimely. The trial court's dismissal was harmless error and is affirmed.

FACTS AND PROCEDURAL BACKGROUND

On October 2, 2002, William Porter pleaded guilty to second degree rape. At the hearing at which his guilty plea was accepted, Mr. Porter signed a statement on plea of guilty acknowledging that under RCW 9.94A.712 his sentence was subject to review by the Indeterminate Sentence Review Board (Board). The statement he signed disclosed that the Board could increase his minimum term of confinement if it determined Mr. Porter more likely than not would commit a sex offense if released from custody.

The colloquy between the court and counsel during the guilty plea hearing reveals that indeterminate sentencing under RCW 9.94A.712 was new to counsel and the court, and that this was one of the first (if not the first) sentences the trial court had discussed with an offender under the change of law creating indeterminate sentencing for sex offenses committed on or after September 1, 2001. The court and counsel discussed and

2

disclosed to Mr. Porter that he was subject to community custody for life. He was informed of the standard range sentence for his crime. There was no discussion during the guilty plea hearing of how the Board might increase his period of incarceration.

Mr. Porter was sentenced in January 2003. During the sentencing hearing, the prosecutor described it as a "determinative sentencing," with community custody of "eighteen to thirty-six months to life." Report of Proceedings (Jan. 31, 2003) at 3. But Mr. Porter's lawyer described quite clearly how indeterminate sentencing would work. When given a chance to speak, Mr. Porter expressed no confusion or concern.

In completing the judgment and sentence, the court sentenced Mr. Porter to a 90-month period of confinement. It completed the section of the judgment and sentence form dealing with determinate sentences rather than the section dealing with indeterminate sentences.

Two months later, the Department of Corrections (DOC) wrote to the court and counsel to notify them that changes needed to be made to the judgment and sentence to reflect the indeterminate sentencing required by RCW 9.94A.712. It concluded with the following request:

> The Department understands that re-sentencing Mr. Porter would involve bringing him back to court and that could take approximately two weeks. In the interest of judicial economy, the Department respectfully asks this Court to amend the judgement [sic] and sentence in this case. If we have not heard from the Court within 30 days of the date of this letter, we will refer this matter to the Attorney General's Office for follow-up.

Clerk's Papers (CP) at 48.

On April 28, 2003, the State presented a department of the superior court different from the sentencing court with an order, telephonically approved by Mr. Porter's trial lawyer, entitled "Order Amend [sic] Judgment and Sentence," which ordered the changes requested by DOC. CP at 32-33. The court signed the order, which was filed on April 30, 2003. There is no indication in our record that Mr. Porter was present when the order was signed or that he was even notified of the motion and order.

Years later—in 2009 and 2010—Mr. Porter filed two personal restraint petitions with this court. In his first, No. 28490-5-III, he contended he was entitled to specific performance of the original judgment and sentence because the amendment was contrary to the State's promise to recommend a determinate sentence. He argued he would not have pleaded guilty if he had been told he could receive an indeterminate sentence. According to Mr. Porter's petition, he was unaware his sentence was not determinate until 2008, when he asked about submitting a release address for what he believed was his impending release—only to find out that his release was not impending. In his second petition, No. 29117-1-III, he made a related argument that his plea was not voluntary due to ineffective assistance of counsel.

In its order dismissing the first and second petitions, this court observed that Mr. Porter filed them more than a year after the judgment and sentence was filed and they were untimely under RCW 10.73.090(1) unless the judgment and sentence was invalid on

4

its face, the court lacked competent jurisdiction, or the petitions were based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). Mr. Porter argued that the notice exception (more precisely, a "failure to give notice" exception) to the RCW 10.73.090 time limit applied, citing *State v. Schwab*, 141 Wn. App. 85, 91, 167 P.3d 1225 (2007) ("When a statute requires that a court or DOC notify a defendant of a time bar and the notice is not given, this omission creates an exemption to the time bar.") The State responded that notice was provided by Mr. Porter's judgment and sentence.

This court agreed with the State, deciding in its November 15, 2010 order:

> Mr. Porter argues that the order amending the judgment and sentence does
> not contain the same notice. But the order does not amend the notice
> portion of the judgment and sentence. Accordingly, Mr. Porter received
> notice of the one-year rule.

Order Dismissing Pers. Restraint Petitions, *In re Pers. Restraint of Porter*, Nos. 28490-5-III & 29117-1-III, at 2 (Wash. Ct. App. Nov. 15, 2010). Although Mr. Porter indicated an intention to seek discretionary review of this court's dismissal order, he never filed a motion for such review. Our Supreme Court dismissed the cause number it had established for Mr. Porter's motion as abandoned. *See* Letter Ruling Dismissing Mot. as Abandoned, *In re Pers. Restraint of Porter*, No. 85409-2 (Wash. Mar. 1, 2011).

The present appeal arises from a motion filed by Mr. Porter in the superior court on March 24, 2016, asking it to allow him to withdraw his guilty plea or to specifically enforce the original plea agreement. He acknowledges that the remedy of specific

5

performance is "questionable" in light of our Supreme Court's decision in *State v. Barber*, 170 Wn.2d 854, 248 P.3d 494 (2011). Br. of Appellant at 11-12. He again argued in the trial court and argues on appeal that the notice exception to the one-year time limit applies. This time, for the first time, he supports his argument with a declaration.

The trial court denied Mr. Porter's motion, stating in its order, "The new motion seeks to re-litigate the same issues already addressed by the Court of Appeals in 2010 and 2014. Accordingly, [Mr. Porter's] motion before [the trial] court is dismissed under the doctrines of collateral estoppel and *res judicata*." CP at 57-58.

Mr. Porter appeals.

## ANALYSIS

Mr. Porter makes three assignments of error, which we address in turn.

*Assignment of Error 1: The trial court erred in entering an order amending appellant's judgment and sentence nunc pro tunc*

Citing *State v. Smissaert*, 103 Wn.2d 636, 639, 694 P.2d 654 (1985), Mr. Porter argues that the trial court improperly amended his judgment nunc pro tunc. *Smissaert* invalidated a nunc pro tunc amendment to a judgment, holding that a nunc pro tunc order "is proper only to rectify the record as to acts *which did occur*, not as to acts *which should have occurred*." *Id.* at 641 (emphasis added).

6

The order amending Mr. Porter's judgment and sentence was not a nunc pro tunc order. It was dated April 28, 2003, and did not purport to reflect anything that had, in fact, happened at the January sentencing. It addressed only what should have happened.

Mr. Porter appears to find *Smissaert* relevant for its discussion of how, when a defendant waives his right to *appeal* based on a judicial error in sentencing, correction of the sentence should reopen the opportunity to appeal the original judgment. *Id.* at 643. That reasoning cannot apply here, even by analogy, because any argument that the one-year time limit on collateral attack was reopened by amendment of Mr. Porter's judgment and sentence is foreclosed by this court's 2010 order dismissing his first two personal restraint petitions. Were we writing on a clean slate with the evidence and argument now presented, a majority of the panel might reach a different conclusion. But the November 15, 2010 order is res judicata on the issue of whether the one-year time limit for collateral attack ran in January 2004.

*Assignment of Error 2: The State's motion to amend the judgment and sentence violated promises in the plea agreement*

Mr. Porter complained below and complains on appeal that because his prior collateral attacks have been dismissed as time barred or successive, he has never had a hearing on the merits of whether he should be allowed to withdraw his guilty plea.

A motion for relief from judgment under the superior court criminal rule, like a personal restraint petition, is subject to RCW 10.73.090 and .100. CrR 7.8(b). If such a

7

motion or petition is filed more than a year after the judgment and sentence became final, it is barred as untimely unless the judgment and sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). *See In re Pers. Restraint of Benavidez,* 160 Wn. App. 165, 170, 246 P.3d 842 (2011) (addressing timeliness of a petition). Mr. Porter filed his motion more than one year after the judgment and sentence became final.

While it is true that Mr. Porter has never had a hearing on the merits of his plea withdrawal claim, he is not entitled to such a hearing unless his challenge falls within an exception to the one-year rule. His brief on appeal does not identify any exception that applies.

*Assignment of Error 3: The trial court erred in dismissing appellant's motion for relief from judgment on principles of collateral estoppel and res judicata*

Finally, Mr. Porter argues that the grounds on which the trial court dismissed his motion were improper because his reasons for seeking to withdraw his plea have never been addressed on their merits and he has always proceeded pro se. He argues that our Supreme Court can review his motion on its merits under RAP 16.4(d) and we should transfer his appeal to that court. Br. of Appellant at 11.

For a reason unrelated to Mr. Porter's argument, the trial court did abuse its discretion: it should have assessed timeliness, found the motion untimely, and transferred it to this court for consideration as a personal restraint petition. CrR 7.8(c)(2).

8

No. 34362-6-III
*State v. Porter*

Nonetheless, we can affirm the trial court's rejection of a defendant's CrR 7.8 motion on any grounds supported by the record. *State v. Costich*, 152 Wn.2d 463, 477, 98 P.3d 795 (2004).

Because Mr. Porter's motion is untimely, we are required to dismiss it, even if we treat it as a personal restraint petition that is also successive. A petition that is both untimely and successive must be dismissed as untimely rather than transferred to the Supreme Court. *In re Pers. Restraint of Bell*, 187 Wn.2d 558, 564, 387 P.3d 719 (2017).

We affirm the trial court's dismissal on the basis of harmless error: had it transferred the motion to this court for consideration as a personal restraint petition, we would have found it untimely.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, J.

WE CONCUR:

Korsmo, J.

Lawrence-Berrey, A.C.J.

9