IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35539-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JEFFRY LEE MCFADDEN, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Jeffry Lee McFadden appeals the exceptional

sentence imposed for his 2015 Grant County convictions upon a plea of guilty to first

degree unlawful possession of a firearm, distribution of marijuana to a minor, and

intimidating a witness. He contends the trial court acted without statutory authority under

the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, in imposing an

exceptional sentence in the form of consecutive sentences. We affirm.

FACTS AND PROCEDURE

Prior to entering his guilty plea, Mr. McFadden faced trial on charges of first

degree rape, first degree kidnapping, second degree assault, and first degree unlawful

possession of a firearm. His criminal history included Oklahoma convictions for first

degree rape and robbery with a firearm. As part of a negotiated plea agreement, the State

No. 35539-0-III
*State v. McFadden*

agreed to amend the charges to first degree unlawful possession of a firearm (count 1),

distribution of marijuana to a minor (count 2), and intimidating a witness (count 3) so that

Mr. McFadden would avoid a persistent offender sentence of life without possibility of

parole. Mr. McFadden's offender score was then "6" for the current crimes.

Consistent with the parties' agreed plea recommendation and stipulation at

sentencing, the court imposed an exceptional sentence comprised of above-range terms of

114 months for the firearm possession and 115 months for the intimidating a witness, and

a 114-month standard range term for the marijuana distribution—with all three counts to

run consecutively for a total 343-month sentence. The court found as substantial and

compelling reasons to justify the exceptional sentence the parties' stipulation that justice

is best served by imposition of the exceptional sentence, and that the exceptional sentence

furthers and is consistent with the interests of justice and the purposes of the SRA. Mr.

McFadden appeals the exceptional sentence.[1]

ANALYSIS

The sole issue is whether the trial court lacked authority under the SRA to impose

an exceptional sentence in the form of consecutive sentences for Mr. McFadden's crimes.

---

[1] Mr. McFadden did not file a notice of appeal from the 2015 judgment and sentence until August 31, 2017. On November 30, 2017, our commissioner granted McFadden's motion under RAP 18.8(b) to extend the time for filing the notice of appeal based upon extraordinary circumstances and to avoid a miscarriage of justice.

2

It is fundamental that "[a] trial court only possesses the power to impose sentences provided by law." *In re Pers. Restraint of Carle*, 93 Wn.2d 31, 33, 604 P.2d 1293 (1980). Our Supreme Court "has often reaffirmed the principle that a sentence in excess of statutory authority is subject to challenge, and the defendant is entitled to be resentenced." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 869, 50 P.3d 618 (2002). "[A] defendant cannot, by way of a negotiated plea agreement, agree to a sentence in excess of that authorized by statute and thus cannot waive a challenge to such a sentence." *Id*. at 872.

Applying these principles, Mr. McFadden contends the controlling statute here is RCW 9.94A.589(1)(a), and that it does not authorize consecutive sentences for his crimes. The statute provides in pertinent part:

> (1)(a) Except as provided in (b), (c), or (d) of this subsection, *whenever a person is to be sentenced for two or more current offenses*, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. *Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.*

RCW 9.94A.589 (emphasis added).

Mr. McFadden correctly points out that none of his current crimes fall within the above-referenced subsections (b) (serious violent offenses), (c) (unlawful possession of a firearm in the first or second degree and felony theft of a firearm or possession of a stolen

3

firearm or both), or (d) (certain driving offenses) that provide for consecutive sentencing. He thus posits that because he was sentenced for multiple "current offenses" the statute plainly requires that his sentences "shall be served concurrently." He then acknowledges, but wholly discounts, the statute's next sentence that references consecutive exceptional sentence authority under RCW 9.94A.535. He reasons that RCW 9.94A.535(2)(c) (defendant has committed multiple current offenses and high offender score results in some of current offenses going unpunished) does not apply because his offender score was only "6." He concludes that no other provision of the SRA expressly authorizes the court to impose consecutive sentences in his case, notwithstanding the parties' stipulation to an exceptional sentence. His arguments fail.

The controlling statute is RCW 9.94A.535(2)(a)—the basis on which the court imposed Mr. McFadden's exceptional sentence. The statute provides:

> (2) Aggravating Circumstances—Considered and Imposed by the Court
> The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
> (a) The defendant and the state both stipulate that justice is best served by the imposition of an exceptional sentence outside the standard range, and the court finds the exceptional sentence to be consistent with and in furtherance of the interests of justice and the purposes of the sentencing reform act.

RCW 9.94A.535(2)(a). And as quoted in italics above, RCW 9.94A.589(1)(a) plainly authorizes a trial court to impose consecutive sentences under the exceptional sentence provisions of RCW 9.94A.535. Contrary to Mr. McFadden's further contention, no

4

additional statutory basis is needed to support his exceptional sentence. *See State v. Chambers*, 176 Wn.2d 573, 586, 293 P.3d 1185 (2013) (defendant's stipulation under RCW 9.94A.535(2)(a) is substantial and compelling reason for imposing exceptional sentence); *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 300, 979 P.2d 417 (1999) (same).

Mr. McFadden's consecutive exceptional sentence was authorized under the SRA. There is no error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.