# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LARRY SPOKOINY, <br><br> Appellant, <br><br> v. <br><br> THE WASHINGTON STATE YOUTH SOCCER ASSOCIATION, a Washington nonprofit corporation, <br><br> Respondent. | No. 77479-4-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION <br><br><br><br> FILED: March 4, 2019 |

APPELWICK, C.J. — In 2016, the trial court granted WSYSA's petition to extend its 2006 judgment against Spokoiny. Spokoiny then moved to vacate the order extending judgment, arguing that WSYSA violated RAP 7.2(e) in failing to seek this court's permission before the trial court entered the order. The trial court denied Spokoiny's motion to vacate and entered an order nunc pro tunc clarifying the order extending judgment. Spokoiny argues that the trial court abused its discretion in denying his motion, because WSYSA violated RAP 7.2(e) and failed to provide him notice of its petition to extend the judgment. He also argues that the trial court abused its discretion in entering the order nunc pro tunc. We affirm.

## FACTS

This action began in 2004, when Larry Spokoiny sought a restraining order against the Washington State Youth Soccer Association (WSYSA) after it suspended him for five years. Spokoiny v. Wash. State Youth Soccer Ass'n, 128

Wn. App. 794, 796, 117 P.3d 1141 (2005). WSYSA moved for summary judgment, citing a requirement in its bylaws that he exhaust internal remedies before resorting to the courts. Id. at 798-99. A party violating that requirement was subject to suspension and fines, and liable to WSYSA for all expenses it and its officers incurred in defending the court action. Id. at 799. The trial court granted WSYSA's motion in May 2004, ordering attorney fees and costs to the WSYSA as provided for by the rules and bylaws. Id. at 800. That June, it awarded WSYSA $16,353.83 in attorney fees. Id.

In 2005, we affirmed the trial court's decision. Id. at 805. After Spokoiny's motion for reconsideration was denied, a commissioner granted WSYSA $18,819.59 in attorney fees and costs resulting from Spokoiny's appeal. Spokoiny v. Wash. State Youth Soccer Ass'n, No. 74326-1-I, slip op. at 2 (Wash. Ct. App. Oct. 31, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/743261.pdf. This court's mandate issued on July 11, 2006. Id. WSYSA then moved the trial court for entry of an amended judgment. Id. In September 2006, the trial court entered an amended judgment against Spokoiny totaling $45,187.51. Id.

In August 2015, WSYSA applied for a writ of garnishment against Spokoiny. Id. at 3. The trial court issued the writ, and then granted WSYSA's motion for an order authorizing supplemental proceedings. Id. Spokoiny moved to quash the writ of garnishment and order requiring him to appear in court, which the trial court denied. Id. Spokoiny then appealed, arguing that the 10 year limitation period for enforcing judgments ran from the 2004 judgment rather than the 2006 amended judgment, that period had expired, and WSYSA was barred from enforcing its

judgment. Id. at 6. On October 31, 2016, we affirmed the trial court's decision. Id. at 1, 8.

In August 2016, while the trial court's decision was still under review, WSYSA filed a petition to extend its 2006 judgment against Spokoiny, pursuant to RCW 6.17.020(3). The judgment was set to expire on September 29, 2016. On August 9, 2016, the trial court entered an order extending judgment. The order included an entry for fees in the amount of $20,471.00. Spokoiny did not appeal this order.

On August 9, 2017, Spokoiny filed a motion to (1) vacate the order extending judgment and (2) order WSYSA to appear and show cause why the order should not be vacated. He argued that WSYSA violated RAP 7.2(e) in failing to seek permission from this court before the trial court entered the order extending judgment. He also stated that the order extending judgment awarded WSYSA an additional $20,471.00 in attorney fees allegedly incurred on appeal. Therefore, he argued that the order extending judgment changed this court's October 31, 2016 decision, because this court refused WSYSA's request for attorney fees.

The trial court granted Spokoiny's motion for an order to show cause, and set a September 8 hearing date on his motion to vacate. At the hearing, Spokoiny also argued that because he was not given notice of WSYSA's petition to extend the judgment, he was unable to challenge the judgment amount. WSYSA stated that the $20,471.00 in fees listed in the order extending judgment were part of the original judgment amount. Instead of adding fees, WSYSA explained it was "restating what the fees were from the prior judgment." It also submitted a

breakdown of the original judgment amount prepared by Kelli Huerta, a paralegal for WSYSA's counsel. The breakdown showed that the $20,471.00 in fees were part of the 2006 judgment totaling $45,467.51.

The trial court entered an order nunc pro tunc clarifying that the fees and costs in the order extending judgment were part of the original judgment amount, not an award of additional fees at the time of the extension of the judgment. It also denied Spokoiny's motion to vacate, concluding that RAP 7.2(e) did not apply to WSYSA's petition to extend the 2006 judgment, and that notice is not required to extend a judgment. Spokoiny appeals.

DISCUSSION

Spokoiny makes two arguments. First, he argues that the 2016 order extending judgment should be vacated, because WSYSA violated RAP 7.2(e) in failing to seek the appellate court's permission before the trial court entered the order.[1] Second, he argues that the trial court abused its discretion in entering the order nunc pro tunc.

I.   Motion to Vacate

Spokoiny argues that the 2016 order extending judgment should be vacated, because WSYSA failed to comply with RAP 7.2(e). He states that extending the enforceability of the 2006 judgment for an additional 10 years is a

---

[1] Spokoiny assigns error to the 2016 order extending judgment, but that challenge is untimely and will not be addressed. See RAP 5.2(a) ("[A] notice of appeal must be filed in the trial court within the longer of (1) 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed, or (2) the time provided in section (e)."). As a result, we address only his other assignments of error to the trial court's denial of his motion to vacate and to the 2017 order.

4

significant change or modification requiring appellate court approval. And, he states that he should have been provided notice of WSYSA's petition to extend the judgment.

We review a trial court's decision on a motion to vacate a judgment for an abuse of discretion. In re Marriage of Scanlon, 110 Wn. App. 682, 686, 42 P.3d 447 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons. Hundtofte v. Encarnación, 181 Wn.2d 1, 6, 330 P.3d 168 (2014).

A. RAP 7.2

RAP 7.2(e) applies to a trial court's authority "to modify a judgment or motion after an appellate court accepts review." State ex rel. Shafer v. Bloomer, 94 Wn. App. 246, 250, 973 P.2d 1062 (1999). The rule states that "[i]f the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision." RAP 7.2(e).

While this court was reviewing the trial court's 2015 decision, WSYSA petitioned to renew its September 29, 2006 judgment against Spokoiny, pursuant to RCW 6.17.020(3). The judgment was set to expire on September 29, 2016. Under RCW 6.17.020(3),

> [A] party in whose favor a judgment has been filed . . . may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment . . . for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued.

5

Spokoiny argues that the $20,471.00 in fees and $2,133.41 in costs listed in the order extending judgment "changed the Court of Appeals decision, given that the appellate court specifically refused WSYSA's request for attorney's [sic] fees on appeal in its October 31, 2016 decision." But, WSYSA clarified that the fees and costs in the order were part of its original judgment against Spokoiny. Rather than modifying the judgment by requesting new fees and costs, WSYSA simply exercised its statutory right to extend its ability to enforce the judgment. Had WSYSA not petitioned for renewal, it would have lost that ability. See RCW 6.17.020(1). Extending the judgment was not a modification of the judgment that triggered the application of RAP 7.2(e).

B. Notice

Spokoiny also argues that WSYSA should have provided him notice of its petition. Because he was not provided notice, he states that he "was denied the opportunity to oppose the extension 'for timeliness, factual issues of full or partial satisfaction, or errors in calculating the judgment summary amounts,' as contemplated by RCW 6.17.020."

To extend a judgment for an additional 10 years, RCW 6.17.020(3) requires that a party file an application for an extension with the trial court and pay a filing fee. The court must grant the application as a matter of right, "subject to review only for timeliness, factual issues of full or partial satisfaction, or errors in calculating the judgment summary amounts." Id. The statute does not contain an express notice provision.

6

Spokoiny does not bring a constitutional challenge to RCW 6.17.020(3). Rather, he argues that in his case, he was denied due process because he did not have the opportunity to challenge WSYSA's petition before the trial court extended the judgment. Spokoiny does not provide authority to support that a petition to extend a judgment requires notice to the other party. Where a party fails to cite authority in support of a proposition, "the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

And, Spokoiny had the opportunity to challenge the order extending judgment at the hearing on his motion to vacate. He availed himself of that opportunity in arguing that WSYSA added new fees and costs to the order. Had the trial court agreed, it would have vacated the order.

RAP 7.2(e) did not apply to WSYSA's petition to extend its judgment, and WSYSA was not required to provide Spokoiny notice of the petition. Accordingly, the trial court did not abuse its discretion in denying Spokoiny's motion to vacate.

II. Order Nunc Pro Tunc

Spokoiny argues next that the trial court abused its discretion in entering the extension order nunc pro tunc. He states that, to the extent that an error was made in the 2016 order extending judgment, WSYSA made the error, not a clerk or judicial officer. Therefore, he argues that an order nunc pro tunc was not appropriate to correct WSYSA's error.

"A nunc pro tunc order allows a court to date a record reflecting its action back to the time the act in fact occurred." State v. Hendrickson, 165 Wn.2d 474,

478, 198 P.3d 1029 (2009). But, "[a] retroactive entry is proper only to rectify the record as to acts which did occur, not as to acts which should have occurred." State v. Smissaert, 103 Wn.2d 636, 641, 694 P.2d 654 (1985). Thus, an order nunc pro tunc is not appropriate to reopen a previously closed matter "in order to resolve substantive issues differently." Hendrickson, 165 Wn.2d at 478. Rather, such an order is "generally appropriate to correct only ministerial or clerical errors, not judicial errors." Id. at 479. We review for abuse of discretion a trial court's authority to enter an order nunc pro tunc. Id. at 478.

The 2016 order extending judgment listed fees in the amount of $20,471.00. At the 2017 hearing on Spokoiny's motion, WSYSA stated that those fees were part of the original judgment amount. Instead of adding fees to the judgment, it was "restating what the fees were from the prior judgment." A breakdown of the original judgment amount showed that the $20,471.00 in fees were part of the 2006 judgment totaling $45,467.51.

The order nunc pro tunc clarified that the $20,471.00 in fees listed in the 2016 order did not include additional attorney fees. Specifically, the order stated,

> THIS MATTER was subject to a further hearing on September 8, 2017 on Plaintiff's Motion to Vacate Extension (which motion is denied in a further order of this Court) which included argument whether the Defendant had improperly included additional attorney fees of $20,471[.00], which the Court finds the Defendant has not done, but the Court orders that the Order Extending Judgment of August 9, 2016 be clarified Nunc Pro Tunc to more clearly state that Defendant has not sought additional attorneys [sic] fees of $20,471[.00].

The trial court also changed the fees and costs entries in the order from "$20,471.00" and "$2,133.41" to "(Previously awarded and included in Judgment Amount)."

The trial court did not correct or resolve differently any substantive issues in the 2016 order. It did not change the judgment amount. Rather, the order clarified that the $20,471.00 in fees and $2,133.41 in costs listed in the 2016 order were part of WSYSA's original 2006 judgment against Spokoiny, not a request for new attorney fees and costs. Accordingly, the trial court did not abuse its discretion in entering the order nunc pro tunc.[2]

We affirm.

_Appelwick, C.J._

WE CONCUR:

---

[2] Spokoiny's request for attorney fees and costs "pursuant to RAP 18.9 and applicable law" is denied because WSYSA did not fail to comply with the Rules of Appellate Procedure.

9